Dear Ms. Laurence:
We are in receipt of your request for an Attorney General's opinion regarding the election of tax assessors. You have posed the following hypothetical questions for our review:
 1. Two (2) individuals, and no others, properly qualify for the office of Assessor of ABCD parish. During the campaign process, but prior to the primary ballot, one of the candidates dies. What affect does this cause? Does the second candidate become the official Assessor?
 2. An incumbent Assessor is re-elected for a new four-year term. After, the election has been officially promulgated and an unspecified time has lapsed, the Assessor changes his/her residence to a neighboring separate parish. What affect does this cause? Does the Assessor become disqualified to serve as Assessor of his/her elected parish?
In response to your first hypothetical question, we refer you to LSA-R.S. 18:469, which states, in pertinent part:
 § 469 Reopening of qualifying period; effect
 A. When a person who qualified as a candidate in a primary election for a public office dies after the close of the qualifying period and before the time for closing the polls on the day of the primay [primary] election, the qualifying period for candidates in the primary election for that office shall reopen for candidates on the day after the death and shall close at 5:00 p.m. on the third day after the death or, if that day is a legal holiday, at 5:00 p.m. on the next day which is not a legal holiday. The name of the deceased candidate shall not be printed on the primary election ballot. If the primary election ballot was printed with the deceased candidate's name on it, any votes received by the deceased candidate shall be void and shall not be counted for any purpose whatsoever.
* * *
 C. Whenever the qualifying period is reopened as required by Subsections A or B hereof, the clerk of court shall cause notice of the reopening, listing the dates and times the period shall run, to be posted in a prominent place at or near the courthouse door and also in a prominent place in the office of the clerk of court . . .
 D. Effect on primary election. (1) If the qualifying period for candidates reopens within thirty days before a primary election, all the votes cast in the primary election for that public office are void, unless the qualifying period for the office reopened and closed without additional candidates qualifying for the office. If additional candidates qualify for the office and the votes for the primary will be void for that reason, the clerk of court with whom any of the additonal [additional] candidates qualified shall immediately publish in the official journal of the parish a notice to the electorate that the election for that office has been voided because new candidates qualified. Such notice shall include the dates for the rescheduled primary and general elections . . .
 (2) If all the votes cast in a primary election for a public office are void because of the death of a candidate, the primary election for the office shall be held on the date of the general election, and the general election for the office shall be held on the fourth Saturday after the primary election. However, if the primary election is held on the date scheduled for a congressional general election, the general election for the office shall be held on the fifth Saturday after the primary election.
This statute answers the majority of your first hypothetical question. Additionally, we add that where qualifying is reopened and no additional candidate qualifies for the office, the candidate who originally qualified with the candidate who died is considered elected as an unopposed candidate in accordance with R.S. 18:511(B).
With regard to your second hypothetical question, enclosed herein please find a copy of Atty.Gen.Op. No. 91-21, wherein we opined that Louisiana statutes impose no residence requirements on candidates for the offices of sheriff, tax assessor, and clerk of court. Accordingly, the laws on vacancy due to a change in residence or domicile (R.S. 18:581, 602 and 671 et seq.) do not apply to assessors who change their residence or domicile during their term of office.
We hope that this information has provided a guideline for your hypothetical questions. If we can be of further assistance, please advise.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 _________________________________ ANGIE ROGERS LaPLACE Assistant Attorney General
ARL/pb
arl/opinions/ 95-444
DATE RECEIVED:
DATE RELEASED:
ANGIE ROGERS LAPLACE ASSISTANT ATTORNEY GENERAL